ʮ **FILED**

MAR 3 1 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

UNITED STATES BANKRUPTCY COURT
EASTER DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | ) Case No. 13-17297-B-11 |
| | ) |
| Maria Rosa Pedro, | ) DC No. UST-1 |
| | ) |
| Debtor. | ) |
| | ) |

## MEMORANDUM DECISION REGARDING UNITED STATES TRUSTEE'S MOTION TO DISMISS

Robin Tubesing, Esq., appeared on behalf of the movant, Tracy Hope Davis, Esq., United States Trustee.

Thomas O. Gillis, Esq., appeared on behalf of the debtor, Maria Rosa Pedro.

René Lastreto II, Esq., and Michael J. Gomez, Esq., of Lang, Richert & Patch appeared on behalf of the secured creditors Farm Credit West, PCA and Farm Credit West, FLCA.

The United States Trustee (the "UST") moves to dismiss this case pursuant to 11 U.S.C. § 1112(b)[1] (the "Motion"). The UST asks that the case be dismissed on numerous grounds. The Motion was subsequently joined by secured creditors Farm Credit West, PCA and Farm Credit West, FLCA (hereafter "FCW"). For the reasons set forth below, the Motion will be granted. The case will be dismissed.

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made

---

[1]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

222

1    applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052

2    and 9014(c).  The court has jurisdiction over this matter pursuant to 28 U.S.C.

3    § 1334, 11 U.S.C. § 1112(b), and General Orders 182 and 330 of the U.S. District

4    Court for the Eastern District of California. This is a core proceeding as defined in

5    28 U.S.C. § 157(b)(2)(A).

6    **Background Findings of Fact.**

7         The debtor, Maria Rosa Pedro (the "Debtor") filed a voluntary petition for

8    relief under chapter 11 of the Bankruptcy Code on November 13, 2013.  The Debtor

9    owns a dairy located in Stratford, California, however, her official residence is

10   declared to be in Pismo Beach, California.  Significant questions have arisen during

11   this case, and during discussions at the various case management conferences,

12   regarding the level of the Debtor's personal attention to the day to day operations of

13   the dairy and the performance of her duties as a debtor-in-possession.  Indeed, a

14   disclosure statement filed by the Debtor on February 26, 2014, states that the dairy

15   is managed by the Debtor's son, Durbin Pedro who draws a salary of $5,000 per

16   month for his efforts.  Durbin Pedro's wife works as the "bookkeeper and clerk" for

17   a compensation of $2,500 per month.

18        The Debtor's schedules and the disclosure of her financial condition have

19   been a "moving target" in this case.  Based on the initial schedules filed with the

20   petition, the dairy and adjoining farm land (4 parcels of property; the "Land") had a

21   value of $120,000.  The Land is subject to a first priority mortgage held by FCW in

22   the amount of $1.985 million and a second priority lien in favor of Western Milling

23   in the amount of approximately $460,000.  The Debtor's dairy herd, feed and

24   equipment were valued in the schedules at $1.5 million.  They are subject to a lien

25   in favor of FCW in the amount of $1.1 million.  The Debtor's initial Summary of

26   Schedules reports total assets in the approximate amount of $2.23 million, against

27   debts in the amount of $4,475,031 ($3,594,703 secured and $880,328 unsecured).

28        The Debtor amended her schedules on December 5, 2013, to add some

2

1   omitted unsecured creditors, which increased the unsecured debt to approximately

2   $947,000.  The Debtor again amended her schedules on February 4, 2014, to include

3   a $7,000 priority claim.  Finally, on March 24, 2014, three days before the continued

4   hearing on this Motion, the Debtor again amended her schedules to increase the

5   value of her Land to $1.687 million and her secured debts to approximately $4.175

6   million.  Based on the third amended Summary of Schedules, the Debtor has total

7   assets in the amount of $3,525,900 against debts in the amount of $5,129,988

8   (which includes $947,365 of unsecured debt).

9         The UST's Motion is supported by evidence, based on the Debtor's financial

10  records, to show that the dairy operation lost a significant amount of money in 2012

11  and prior to the bankruptcy filing in 2013.  Based on the Debtor's first monthly

12  operating report, the dairy continued to lose money after commencement of the

13  bankruptcy.  The evidence also showed that the dairy had approximately $7,000 of

14  prepetition administration liability under § 503(b)(a) (which wasn't added to the

15  amended schedules until February 4th).  Evidence in support of the Motion also

16  included testimony from the first meeting of creditors upon which the UST contends

17  (1) the Land has serious environmental problems and (2) the Debtor has no

18  reasonable likelihood of reorganizing within a reasonable period of time.

19        In response to the Motion, the Debtor filed a three-page opposition without

20  any supporting evidence upon which the court could make any finding in favor of

21  the Debtor.  The court first heard the Motion on January 30, 2014, in conjunction

22  with the case management conference.[2]  The court continued the Motion to February

23  27th and admonished Debtor's counsel that the court would probably rule on the

24

25        [2]At the previous case management conference hearing, the Debtor's counsel reported
    that the dairy needs a new well pump and cannot properly dispose the effluent without a
26  sufficient water supply.  At the January 30th hearing, Debtor's counsel represented, *inter
    alia*, that the Debtor cannot afford to fix the well pump and remedy the water supply
27  problem until she sells 80 acres of the Land, but the Land is WFC's collateral and WFC has
    not agreed to release any cash proceeds to repair the well.
28

3

1  Motion if a confirmable chapter 11 plan had not been filed.

2          Prior to the continued hearing, the UST filed a supplement to her Motion

3  setting forth additional grounds for dismissal, including (1) failure to appear for and

4  complete the meeting of creditors, (2) failure to file timely and accurate monthly

5  operating reports ("MOR's"), and (3) failure to amend the schedules and statement

6  of financial affairs to include omitted information, including the recent disposition

7  of real properties.  On February 13, 2014, FCW filed a pleading in joinder of the

8  UST's Motion.  It alleged, *inter alia*, that there were material errors in the

9  November MOR which distorted the reported income and caused the MOR to show

10  a false positive cash flow for the month.

11          At the February 27th hearing, FCW's counsel reported, based on recent

12  correspondence from Debtor's counsel, that the Debtor was incurring significant

13  postpetition liability to the Pacific Coast Calf Ranch for the cost of feeding heifers.

14  The expense had not been disclosed on the MORs.  Debtor's counsel acknowledged

15  the liability and promised to file corrected MORs within one week.  The Debtor had

16  filed a disclosure statement, without a plan, one day before the continued hearing

17  and the court again continued the Motion and the case management conference to

18  March 27th to give the parties time to review the disclosure statement and any

19  accompanying plan.[3]

20          On March 27th, the court called the continued Motion together with the case

21  management conference and the hearing to approve the Debtor's amended

22  disclosure statement.  Prior to the March 27th hearing, FCW filed a supplement to

23  its joinder supported by evidence to show that the Debtor's postpetition liability to

24  Pacific Coast Calf Ranch had increased to the approximate amount of $30,000.

25  This liability still had not been reported on the Debtor's MORs, including the most

26

27          [3]An amended disclosure statement was filed with a proposed plan on March 6, 2014,
    and the court gave the Debtor an order shortening time to have the hearing for approval of
28  the disclosure statement on March 27th.

1    recent February MOR which had just been filed three days before the hearing and it

2    grossly distorted the dairy's reported profitability.  Debtor's counsel was unable to

3    respond this issue other than to promise again that the MORs would be corrected

4    and amended.  FCW vehemently opposed approval of the disclosure statement and

5    argued that the proposed plan was unconfirmable on numerous grounds, including

6    feasibility.  Based, *inter alia*, on the Debtor's inability to file complete and accurate

7    MORs, the court denied approval of the disclosure statement, took the UST's

8    Motion under submission, and dropped the case management conference pending a

9    ruling on the Motion.

10   **Analysis and Conclusions of Law**.

11        Dismissal of a chapter 11 case is governed by § 1112(b) of the Bankruptcy

12   Code.  It requires a noticed motion by a party in interest, here the UST, and a

13   hearing, which was initially held in this case on January 30, 2014.  The Debtor has

14   not filed any evidence to support her opposition to this Motion.  However, based on

15   representations from Debtor's counsel in response to the Motion, and in conjunction

16   with the court's case management conferences, the hearing was continued to

17   February 27, 2014, and again to March 27, 2024, at which time it was taken under

18   submission.

19        Section 1112(b) provides that the court shall convert or dismiss a chapter 11

20   case if it finds "cause" for dismissal, subject to two conditions applicable here.

21   First, the court must be able to find "and specially identify unusual circumstances

22   establishing that converting or dismissing the case is not in the best interests of

23   creditors and the estate." 1112(b)(2).  Second, the debtor must establish that "there

24   is a reasonable likelihood that a plan will be confirmed within . . . a reasonable

25   period of time." § 1112(b)(3)(A).  If the cause for dismissal does not include

26   substantial or continuing loss to or diminution of the estate, the debtor must also

27   establish that the grounds for dismissal will be cured within a reasonable period of

28   time fixed by the court. § 1112(b)(2)(B).

5

Pursuant to § 1112(b)(4), the term "cause" for dismissal of a chapter 11 case includes two grounds applicable here. They are (1) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (§ 1112(b)(4)(A)), and (2) unexcused failure to satisfy timely any filing or reporting requirement established by the Bankruptcy Code or any applicable rule. § 1112(b)(4)(F).

Here, the record establishes that (1) the Debtor is incurring substantial operating costs, which are not being disclosed and accurately reported on her MORs, and (2) the Debtor appears to be unable or unwilling to file complete and accurate MORs, or to even correct known errors in the MORs that have already been filed. Finally, this Debtor is significantly under water. Her secured debts alone are more than $600,000 greater than the value of her assets (based on the third amended schedules filed just before the hearing on this Motion) and she has almost a million dollars of unsecured debt which can only be the result of prolonged operating losses. FCW vehemently opposes this Debtor's reorganization which means there is virtually no likelihood of confirming a chapter 11 plan without a vigorously contested, prolonged and costly confirmation hearing. In the event of a chapter 7 liquidation, there would be nothing here for unsecured creditors and the Debtor has not established the prospect of any significant distribution to unsecured creditors through a confirmed plan.[4] The Debtor has huge operational problems to overcome before she can prove that any reorganization is possible, including environmental restrictions on the discharge of effluent and a water well that needs replacement. She has no apparent source of cash to fund the remedial work and hasn't been able to commit to any timetable for getting that done. Without timely and accurate MORs, there is no basis upon which the court can even give the Debtor

---

[4]The proposed plan which the Debtor filed on March 6, 2014, proposes a total distribution to unsecured creditors of $20,000, with no interest, spread out over a period of seven years, payable at the rate of $238.10 per month.

1   the benefit of the doubt with regard to the reasonable likelihood of confirming a

2   plan.

3   **Conclusion.**

4          Based on the foregoing, the court finds and concludes that there is cause to

5   dismiss this case pursuant to § 1112(b). The Debtor has not satisfactorily complied

6   with the reporting requirements of the Bankruptcy Code and the Rules and she has

7   not shown a likelihood of being able to reorganize within a reasonable period of

8   time. The Debtor has not identified any unusual circumstances establishing that

9   dismissal is not in the best interest of creditors and the estate. Accordingly, the

10   court has no discretion to delay ruling on this Motion any further. The UST's

11   Motion will be granted and the case will be dismissed. A separate order will be

12   entered herewith.

13          Dated: March ___3/___, 2014

14

15                                          W. Richard Lee
                                            United States Bankruptcy Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

### Instructions to Clerk of Court
#### Service List - Not Part of Order/Judgment

4

5         The Clerk of Court is instructed to send the Order/Judgment or other court
generated document transmitted herewith to the parties below.  The Clerk of Court
will send the Order via the BNC or, if checked ____, via the U.S. mail.

6

7         Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in
the case), and __X__ Other Persons Specified Below:

8

9    René Lastreto II, Esq.
Attorney at Law
P.O. Box 40012
10   Fresno, CA 93755-0012

11   Michael J. Gomez, Esq.
Attorney at Law
12   P.O. Box 40012
Fresno, CA 93755-0012

13

Robin Tubesing, Esq.
14   Office of the U.S. Trustee
U.S. Courthouse
15   2500 Tulare Street, Suite 1401
Fresno, CA 93721

16

17

18

19

20

21

22

23

24

25

26

27

28